1 | Dennis A. Cammarano (SBN: 123662)
CAMMARANO LAW GROUP
2 | 555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
3 | Telephone: (562) 495-9501
Facsimile: (562) 495-3674
4
5 | Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | **IN ADMIRALTY** |
| Plaintiff, | Case No.: |
| vs. | **COMPLAINT FOR:** |
| APEX MARITIME CO., INC. doing business as APEX SHIPPING CO.; and DOES 1 through 10, inclusive, | **1. DAMAGE TO CARGO;**<br>**2. NEGLIGENCE/WILFUL MISCONDUCT**<br>**3. BREACH OF CONTRACT** |
| Defendants. | |

COMES NOW, Plaintiff, STARR INDEMNITY & LIABILITY COMPANY, for itself (hereinafter "Plaintiff"), and for causes of action against APEX MARITIME CO., INC. doing business as APEX SHIPPING CO. and Does 1 through 10, inclusive, ("Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction. As well, this court has jurisdiction as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq.

2.	At all times material herein, Plaintiff STARR is an insurance corporation authorized to do business in the State of New York, with an office and place of business at 399 Park Avenue, 9th Floor, New York, New York 10012. Plaintiff brings this on its own behalf in that it insured the below described cargo against loss, damage and deterioration, and having paid for the damage to the cargo, is subrogated to the rights of the owner of the cargo and its assignee.

3.	At all times material herein, Defendant APEX MARITIME CO., INC. doing business as APEX SHIPPING CO. (hereinafter referred to as "APEX" or with Does "Defendants") is a corporation doing business in this judicial district as a non-vessel operating common carrier and freight forwarder with a principal place of business located at 206 Utah Avenue, South San Francisco, CA 94080.

4.	The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

5.	Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## FIRST CAUSE OF ACTION
(Damage to Cargo)

6.	Plaintiff incorporates by reference paragraphs 1 through 5, inclusive, of this Complaint as fully set forth herein.

7.	On or about September 28, 2018, Defendants and each of them accepted a shipment of of assorted children's wearing apparel ("Cargo") to be carried from Ningbo, China to Los Angeles, CA in container EISU1863161 in the

same good order and condition as when received under APEX clean bills of lading numbers A1809541114A and A1809541114B.

8. Defendants, and each of them, failed and neglected to carry, handle and monitor the Cargo and maintain its good order and condition as when received. To the contrary, the Cargo was delivered with fresh water damage.

9. By reason of the foregoing, Plaintiff has been damaged in the sum of $37,644.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION
(Negligence/Wilful Misconduct)

10. Plaintiff incorporates by references paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

11. The damage to the Cargo was directly and proximately caused by the negligence, carelessness and willful misconduct of Defendants, and each of them.

12. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $37,644.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION
(Breach of Contract)

13. Plaintiff incorporates by reference paragraphs 1 through 13, inclusive, of this Complaint as though fully set forth herein.

14. On or about September 28, 2018, Defendants, and each of them, agreed to safely handle, store, transport and deliver the Cargo in the same good order and condition as when received.

15. Defendants, and each of them, materially and substantially breached and deviated from their agreement by failing to deliver the Cargo in the same good order and condition as when received.

16. All, of any, conditions and/or covenants required to be performed in

accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

17. As a direct and proximate result of the material breach of, and deviation from, the agreement by Defendants, Plaintiff has been damaged in the sum of $37,644.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $37,644.00, miscellaneous expenses, interest and costs;

2. For pre-judgment interest from September 28, 2018, at the rate of 10% per annum;

3. For post-judgment interest at the maximum allowable rate;

4. For costs of suit herein; and,

5. For such other and further relief as this court deems just and proper.


Dated: February 1, 2019          CAMMARANO LAW GROUP


By: */s/ Dennis A. Cammarano*
Dennis A. Cammarano
Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY
3463complaint020119.wpd